USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-5-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

TODD BAILEY,                          :

                    Plaintiff,        :        07 Civ. 9469 (LAP)(HBP)

     -against-                        :        REPORT AND
                                               RECOMMENDATION
C.O. EDWIN SLOLY, et al.,             :

                    Defendants.       :

----------------------------------X

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE LORETTA A. PRESKA, United States

District Judge

          By notices of motion dated January 10 and 18, 2008,

plaintiff moves for a default judgment against the individual

defendants on the ground that they have not answered or moved

with respect to the complaint within the time permitted by the

Federal Rules of Civil Procedure.

          Although it does appear preliminarily that the defen-

dants are in default,[1] I respectfully recommend that the motion

_____

          [1]On January 10, 2008, I received a letter from an attorney
who expressly stated that she did not represent the defendants
but, nevertheless, sought an extension of time for the defendants
to answer or move with respect to the complaint.  As I noted in
my endorsement denying the request, an attorney who does not
represent a party in an action has no standing to seek relief on
behalf of anyone.  As my endorsement noted, the January 10 letter
has no effect.  See NPK Management Corp. v. Donahue, 109 Misc. 2d
601, 440 N.Y.S.2d 524 (N.Y.C. Civ. Ct. 1981).  Any other result
                                                    (continued...)

for a default judgment be denied without prejudice to renewal because the motions do not conform with Local Civil Rules 55.1 and 55.2, copies of which are annexed hereto.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.  See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, United States District Judge, 500 Pearl Street, Room 1320, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Preska.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJEC-TIONS AND WILL PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d

---

[1](...continued)
would permit an attorney to designate him or herself as an agent without the knowledge or consent of the putative principal.

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir.

1983).

Dated:   New York, New York
         February 4, 2008

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Mr. Todd Bailey
No. 349-06-22935
1600 Hazen Street
East Elmhurst, New York   11370

Sabrina Tann, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York   10007

3

(a) Upon the payment into the court of the amount thereof, plus interest, and the payment of the clerk's and marshal's fees, if any;

(b) Upon the filing of a satisfaction executed and acknowledged by: (1) the judgment creditor; or (2) the judgment creditor's legal representatives or assigns, with evidence of their authority; or (3) the judgment creditor's attorney if within ten (10) years of the entry of the judgment or decree;

(c) If the judgment creditor is the United States, upon the filing of a satisfaction executed by the United States Attorney;

(d) Pursuant to an order of satisfaction entered by the court; or

(e) Upon the registration of a certified copy of a satisfaction entered in another district.

[Source: Former Local Civil Rule 13]


## Local Civil Rule 55.1. Certificate of Default

A party applying for a certificate of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served.

[Source: Former Local Civil Rule 10(a)]

**Local Civil Rule 55.2.  Default Judgment**

(a) **By the Clerk.** Upon issuance of a clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if a default judgment is sought against all remaining parties to the action, the moving party may request the clerk to enter a default judgment, by submitting an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b) **By the Court.** In all other cases the party seeking a judgment by default shall apply to the court as described in Federal Rule of Civil Procedure 55(b)(2), and shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

[Source: Former Local Civil Rule 10]

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include *a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving*