UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TODD BAILEY,

                                  Plaintiff,

-against-

DEPUTY DIAZ (#127), C.O. EDWIN SLOLY (#11678),
CAPTAIN ANDOURE GRANT (#1295), C.O. JOANNE
MATOS (#1189) and C.O. STEVEN'S (#18102)

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

Jury Trial Demanded

07 Civ. 9469 (LAP) (HBP)

        Defendants New York City Department of Correction Officers Edwin Sloly, Shield No. 11678 and Joanne Matos, Shield No. 1189 by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "I" of the prisoner form complaint including all subparagraphs, except admits that defendants Sloly and Matos are employed as correction officers assigned to the George R. Vierno Center ("G.R.V.C.") and plaintiff purports name the parties to the action therein.

        2.     Deny the allegations set forth in paragraph "II" the Statement of Claim Section of the prisoner form complaint including all subparagraphs, except admit that on August 10, 2007 plaintiff was incarcerated at G.R.V.C. located on Rikers Island.

---

[1] A check of the docket sheet in this case indicates that the individually named defendants "Captain Andoure Grant, Shield No. 1259," "Correction Officer Steven Shield No. 18102," and "Deputy Diaz, Shield No. 127" were served with the summons and complaint on December 7, 2007. This Office has not discussed with this individuals the manner of service and we make no representation herein as to the adequacy of service of process on those individuals. However, this office is in the process of trying to contact these individuals so that we may conduct our mandatory investigation pursuant to GML § 50-K to ascertain whether they have been properly served and whether we may represent them in this action.

3. Deny the allegations set forth in Paragraph "III" of the prisoner form complaint, except admit that plaintiff was seen by medical staff on August 10, 2007.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "IV" of the prisoner form complaint including all subparagraphs.

5. Deny the allegations set forth in Paragraph "V" of the prisoner form complaint, except admit that plaintiff purports to seek damages as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "VI" of the prisoner form complaint including all subparagraphs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

7. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

8. Defendants Sloly and Matos have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

9. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

10. At all times relevant to the acts alleged in the complaint, defendants Sloly and Matos acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

11. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

12. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

13. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

14. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(e).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. Defendants Sloly and Matos have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

16. The actions by any correction officers involved were justified by probable cause and/or reasonable suspicion.

**WHEREFORE,** defendants New York City Department of Correction Officers Edwin Sloly Shield No. 11678 and Joanne Matos Shield No. 1189 request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
              February 8, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants Edwin Sloly and Joanne Matos
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 442-8600

               By:     _____
                                    Sabrina Tann (ST 2552)
                                    Assistant Corporation Counsel

To:  Todd Bailey (#349-06-22935)
      *Pro Se Plaintiff*
      OBCC/CPSU
      1600 Hazen Street
      # 3 South, # 4 Cell
      East Elmhurst, New York 11370
      (By First Class Mail)

07 Civ. 9469(LAP)(HBP)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

TODD BAILEY,

                                         Plaintiff,

-against-

C.O. EDWIN SLOLY (#11678), CAPTAIN ANDOURE GRANT (#1295), C.O. JOANNE MATOS (#1189), C.O. STEVEN'S (#18102) and DEPUTY DIAZ

                                         Defendants.

**ANSWER TO THE COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants Edwin Sloly and Joanne Matos*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Sabrina Tann*
*Tel: (212) 442-8600*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................., 2008*

*.................................................................... Esq.*

*Attorney for ..........................................................*

- 5 -