UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

TODD BAILEY,                        :

                Plaintiff,    :   07 Civ. 9469 (LAP)(HBP)

  -against-                        :   OPINION
                                            AND ORDER

C.O. EDWIN SLOLY, et al.            :

                Defendant.   :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        By motion dated March 12, 2008, (Docket Item 15), plaintiff, who is incarcerated, moves for pro bono counsel.[1] For the reasons set forth below, the motion is granted.

        The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A.

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.") (internal quotation marks omitted).

Plaintiff is an inmate on Rikers Island and alleges that, while he was confined at the George R. Vierno Center Correctional Facility, he was sprayed with pepper spray, hit with a chair, kicked and punched while on the ground and handcuffed. He also alleges that he was hit with riot clubs and helmets by defendants. All of these acts allegedly occurred after plaintiff returned to his cell with a razor that he had used to shave his head. Plaintiff alleges that he was given no warning before the attacks and that he complied immediately when ordered to drop the razor. Plaintiff also alleges that there were twenty-five to thirty witnesses, that his injuries included fractured ribs and

2

contusions all over his body and that he required eight sutures on the right side of his head as a result of the incident.

Although it is, of course, impossible to assess fully the merits of the case at this stage, it appears from the face of the complaint that plaintiff's claim is sufficiently meritorious to warrant submission to the Pro Bono Panel. The Supreme Court has held that significant injury is not necessary for an Eighth Amendment claim, and that "when prison officials maliciously and sadistically use force, contemporary standards of decency are always violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). To be excessive, the force used must result in the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986).

> To establish a constitutional violation under the Eighth Amendment, an inmate must meet both an objective and a subjective requirement. To meet the objective requirement, the alleged violation must be "sufficiently serious" by objective standards. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The objective component is "context specific, turning upon 'contemporary standards of decency.'" Blyden, 186 F.3d at 263 (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))). To meet the subjective requirement, the inmate must show that the prison officials involved "had a 'wanton' state of mind when they were engaging in the alleged misconduct." Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994).

Griffen v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999); see also Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

3

In <u>Hudson</u>, where guards beat a shackled prisoner, the Court found that there can be malicious and sadistic acts even when only minor injuries result. <u>Hudson v. McMillian</u>, <u>supra</u>, 503 U.S. at 4 & 12. Here, the plaintiff was allegedly beaten while he was handcuffed and suffered more than just bruises. Thus, it appears that the plaintiff may have a meritorious Eighth Amendment claim.

Given the fact that plaintiff is in jail and his only employment lasted for less than two months in 2006, it seems that plaintiff sufficiently lacks the funds to hire private counsel. Also, the plaintiff has sufficiently attempted to obtain a lawyer on his own but was denied assistance three times.

Although plaintiff's need for counsel is debatable -- plaintiff states that he needs counsel to "properly assist . . . in making the right decision, and . . . help file the motions," when all of the factors are weighed together, I conclude that it is appropriate to add plaintiff's case to the list of cases considered by the Court's <u>Pro Bono</u> Panel.

4

Accordingly, plaintiff's motion (Docket Item 15) is granted. The Court's Pro Se Clerk is directed to add plaintiff's case to the list of cases submitted to the Pro Bono Panel.

Dated: New York, New York
       August 15, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Todd Bailey
NYSID 7312703Y
Book & Case Number 349-06-22935
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, New York 11370

Sabrina M. Tann, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York 10007