

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KATHERINE E. SMITH
Phone: (212) 513-0462
Fax: (212) 788-9776
ksmith@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-12-08

September 11, 2008

**BY FACSIMILE**
Honorable Henry B. Pitman
United States Magistrate Judge
500 Pearl Street.
New York, New York 10007
Fax: 212-805-6111

Re:    Todd Bailey v. C.O. Edwin Sloly #11678 et al., 07 CV 9469 (LAP) (HBP)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo,
Corporation Counsel of the City of New York, and the attorney assigned to the defense of the
above referenced matter. For the reasons set forth herein, defendants write to respectfully
request that Your Honor issue an Order (1) compelling plaintiff to provide defendants with
outstanding medical releases by a date certain, (2) enlarging discovery deadline by sixty (60)
days from the receipt of outstanding discovery, and (3) scheduling a settlement conference, so as
to possibly obviate the need for further litigation and expending the cost of depositions.

        As way of background, the complaint alleges, *inter alia*, that the while in custody
at Rikers Island plaintiff was subject to excessive force and was subsequently denied medical
treatment. By Order dated May 19, 2008, District Court Judge Loretta A. Preska Ordered that all
fact discovery be completed by September 26, 2008. On June 2, 2008, defendants served
plaintiff with Defendants' First Set of Interrogatories and Request for Production of Documents.
By letter dated August 6, 2008, defendants informed plaintiff that if he did not respond to
defendants' interrogatories by August 14, 2008, defendants would seek judicial intervention. On
August 18, 2008, this office received plaintiff's responses to defendants' interrogatories and
provided defendants with a discovery demand of $8,000.00. On September 3, 2008, defendants
informed plaintiff of various discovery deficiencies and offered plaintiff $2,500.00 to settle this

matter.[1]   To date plaintiff has not yet provided this office with outstanding discovery, or responded to defendants' settlement offer.

Defendants respectfully request that the Court issue an Order compelling plaintiff to provide this office with outstanding medical releases a by a date certain and the discovery deadline be enlarged sixty (60) days after the receipt of outstanding discovery so that defendants may obtain the requested medical records prior to conducting plaintiff's deposition  By letter dated September 3, 2008, this office informed plaintiff that he had still not provided defendants with medical releases for Downstate Correctional Facility, where plaintiff is currently incarcerated. Plaintiff also failed to provide this office with separate medical releases for every provider from whom he's received treatment in the past ten (10) years. Defendants require all of plaintiff's medical records prior to conducting plaintiff's deposition as it will afford us the opportunity to take a full and complete deposition in one sitting. Moreover, without plaintiff's complete medical records, defendants are unable to properly evaluate this action for settlement before expending the cost to depose plaintiff. In our experience, it generally takes thirty (30) days for the medical providers to produce documents after receiving the duly executed releases.

As a final matter, defendants respectfully request that the Court schedule a settlement conference to facilitate negotiations and possibly obviate the need for further litigation and expending the cost of depositions. By letter dated August 8, 2008, plaintiff made an initial settlement demand of $8,000.00. By letter dated September 3, 2008, this office offered plaintiff $2,500.00 to settle this matter.

Accordingly, for the reasons set forth above, defendants respectfully request that Your Honor issue an Order (1) compelling plaintiff to provide defendants with outstanding medical releases by a date certain, (2) enlarging discovery deadline by sixty (60) days from the receipt of outstanding discovery, and (3) scheduling a settlement conference, so as to possibly obviate the need for further litigation and expending the cost of depositions.

---

[1] Defendants' letter to plaintiff dated September 3, 2008, is attached hereto for the Court's convenience.

I thank Your Honor for considering the within requests.

Respectfully submitted,

Katherine E. Smith
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     Mr. Todd Bailey (#08-A-4539)
        *Pro Se* Plaintiff
        Downstate Correctional Facility, Box F
        Red School House Road
        Fishkill, New York  12524-0445
        (By First Class Mail)

*Plaintiff is directed to provide the outstanding release to defendants' counsel by 9-26-08. Discovery is extended by 60 days. My deputy will be in touch with the parties to arrange a settlement conference.*

**SO ORDERED**

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE

9-12-08

3



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

KATHERINE E. SMITH
Phone: (212) 513-0462
Fax: (212) 788-9776
ksmith@law.nyc.gov

September 3, 2008

**BY OVERNIGHT MAIL**
Todd Bailey (08-A-4539)
Downstate Correctional Facility, Box F
Red School House Road
Fishkill, New York 12524-0445

Re:    <u>Todd Bailey v. C.O. Edwin Sloly #11678, et. al., 07 CV 9469 (LAP) (HBP)</u>

Dear Mr. Bailey:

As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to inform you that this office is in receipt of Plaintiff's Response to Defendants' First Set of Interrogatories and Request for Production of Documents. I also write to apprise you of several outstanding discovery items and to discuss the possibility of settlement.

As an initial matter, on August 18, 2008 this office received your responses to Defendants' First Set of Interrogatories and Request for the Production of Documents. As requested, you provided defendants with executed releases for your medical records from Rikers Island. However, you failed to provide this office with a release so that we can access your medical records from Downstate Correctional Facility, where you are currently incarcerated. You also failed to provide this office with separate medical releases for <u>each</u> and <u>every</u> provider from whom you've received treatment in the past ten (10) years. As I explained in my August 6, 2008 letter to you, defendants require that you properly complete all the pages of the medical release, executed and notarize where indicated for <u>every</u> place you received <u>any</u> treatment. If you received treatment from more than one provider, please make copies of the enclosed blank medical releases, complete the forms and send the originals back to this office. This office cannot obtain your medical records without fully executed releases, and we must obtain your medical records to assess this case. Please execute the attached and return them to my attention at the above address immediately.

As a final matter, defendants remain interested in attempting to resolve this case via settlement. By letter dated August 8, 2008, you informed defendants that you would settle this matter for $8,000.00. The value of this case is limited by the facts and relevant case law. After careful review we are prepared to offer you Two Thousand Five-Hundred Dollars ($2,500.00) to resolve this case. We urge you to strongly consider our offer. Please contact this office within one week whether you will accept the settlement offer. If you accept the offer, enclosed, please find the settlement papers in the above-referenced action. After you have read and filled out the paperwork in the appropriate places, sign the paperwork and have it notarized where indicated and return the signed originals to me. Once you return the settlement paperwork to this office we may begin the process of securing you a check in the amount of Two Thousand Five-Hundred Dollars ($2,500.00). Should the parties reach an agreement to resolve this case, it would eliminate the need for you to provide defendants with the outstanding medical releases discussed above and engage in deposition discovery prior to the Court deadline of September 26, 2008.

Sincerely,

Katherine E. Smith
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

2